UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMERYN M. SMITH

VERSUS

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NO. 19-65-RLB[1]

## RULING ON PLAINTIFF'S SOCIAL SECURITY APPEAL

Tammeryn M. Smith ("Plaintiff") seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for Disability Insurance Benefits under the Social Security Act. (R. Doc. 1). Having found all the procedural prerequisites met (Tr. 1-8), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…"). For the reasons given below, the Court **ORDERS** that the decision of the Commissioner is **AFFIRMED,** and Plaintiff's appeal is **DISMISSED with prejudice**.

### I.     PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits (Tr. 133-139) on March 3, 2016, alleging that she became disabled on March 1, 2004 because of disabling conditions, namely depression, anxiety, peripheral neuropathy, and fibromyalgia. (Tr. 156). Plaintiff's

---

[1] Because both parties consented to proceed before a United States Magistrate Judge (R. Doc. 7), the case was transferred to this Court for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c)(1).

application was initially denied by an Administrative Law Judge ("ALJ"), who first held an administrative hearing (Tr. 23-67) before issuing an unfavorable decision on November 20, 2017. (Tr. 9-22).  Plaintiff's request for review of the ALJ's decision (Tr. 130-132) was denied by the Appeals Council on November 29, 2018. (Tr. 1-8).  The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.    STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted).  Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.,*

*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("In applying the substantial evidence standard, we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's."); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## III.     ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he or she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities…" 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he or she proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20

3

C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments).  Fourth, the claimant bears the burden of proving he or she is incapable of meeting the physical and mental demands of his or her past relevant work.  20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work.  20 C.F.R § 404.1520(g)(1).  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work.  *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

1. Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2009.

2. Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of March 1, 2004 through her date last insured of December 31, 2009.

3. Through the date last insured, Plaintiff had the following medically determinable impairment: erythromelalgia (Mitchell's disease) in feet.

4. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments.

## IV.  DISCUSSION

Plaintiff argues that the ALJ's decision should be reversed or this action remanded based upon new evidence obtained at a January 7, 2019 appointment with Dr. Rima El-Abassi. Plaintiff directs the Court to a February 18, 2019 report submitted by Dr. El-Abassi attached to her supporting memoranda. (R. Doc. 11 at 3-4; R. Doc. 11-1).[2] In Opposition, the Commissioner suggests that Plaintiff has not shown good cause good cause for remand pursuant to a submission of out-of-record evidence. (R. Doc. 13 at 6).

42 U.S.C. § 405(g) provides guidance as to the circumstances under which the Court may order the Commissioner to take additional evidence and reconsider its decision, stating, ""[t] court may… at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[3] In other words, the evidence must be (1) new; (2) material; and (3) there must be good cause for the failure to previously incorporate.

In support of her case for consideration of new evidence, Plaintiff attaches to her supporting memoranda a letter from Dr. Rima El-Abassi dated February 18, 2019, which states the following:

> To Whom it may concern,
> Mrs[sic] Smith is a patient known to us who suffers from Erythromelalgia, a condidtion[sic] characterrised[sic] by severe excrutang[sic] pain all over the body

---

[2] Plaintiff also asserts that an issue for review is "[w]hether the Commissioner erred as a matter of law in denying plaintiff's claim," but provides no argument in support of this contention. Accordingly, the Court will only address the arguments raised and briefed, namely, whether the new evidence warrants reversal or remand.

[3] It is well-settled that a Court may not consider new evidence and reverse the decision of the Commissioner, but rather is limited to remanding the action for reconsideration. *See Whitener v. Colvin*, 2017 WL 650443, at *7 (E.D. La. Jan. 19, 2017) ("It is well established that this court may not issue factual findings on new medical evidence and may review such evidence only to determine if a remand to the Commissioner is appropriate.") (citing *Martinez v. Astrue*, 252 Fed. Appx. 585, 587 (5th Cir. 2007); *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)), *report and recommendation adopted*, 2017 WL 636175 (E.D. La. Feb. 16, 2017).

5

and especially the skin surface. This degree of constant, intractable pain on the superfical[sic] skin as well as all over the body, comes in the way of straight, just mental functioning and clear decision making. This condition is a life-long disorder that does not remit or resolve and thus is expected to continue with Ms. Smith for the rest of her life. To the best of my knowledge, Ms. Smith was disabled mentally and physically from manageing[sic] her financial affairs as a direct result of this excrutiatingly[sic] painful condition from its onset in March 2004 up to today. At the time patient filed for disability in 2016, she carried the provisional diagnosis of rare erythromelalgia. We counseled Ms. Smith about her diagnosis and the complications during her visit on Jan 7th, 2019 and we are currently initiating genetic testing at a lab that has started investigating this rare disorder.

(R. Doc. 11-1).

The ALJ issued his decision on November 20, 2017. (Tr. 9-22). The Appeals Council decision is dated November 29, 2018. (Tr. 1-8). The letter is dated February 18, 2019 and references a January 7, 2019 appointment. It is, therefore, new.

"New evidence is material only if it relates to the time period for which the disability benefits were denied, and there is a reasonable probability that such evidence would alter the Commissioner's decision." *Skalij v. Chater*, 103 F.3d 126, 1996 WL 731580, at *3 (5th Cir. 1996). *See also Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("Second, the evidence must be 'material'; it must be relevant, probative, and likely to have changed the outcome of the Secretary's determination.").

The Court finds the new evidence submitted by Plaintiff to be immaterial and therefore unlikely to alter the Commissioner's decision.  Plaintiff alleges an onset date of December 12, 2005. (Tr. 133). Her date last insured is December 31, 2009. (Tr. 69, 133). The letter is dated February 18, 2019, and refers to a January 7, 2019 appointment, both of which are almost ten years after the date last insured. Dr. El-Abassi's opinion regarding Plaintiff being disabled would be entitled to little or no weight. Dr. El-Abassi opines that "[t]o the best of my knowledge, Ms. Smith was disabled mentally and physically… from its onset in March 2004 up to today." (R.

6

Doc. 11-1 at 1). There is no evidentiary support, however, for the basis of Dr. El-Abassi's knowledge prior to January 7, 2019.

The medical records before the ALJ span a period of July 2008 through July 2017, without any indication that Dr. El-Abassi treated Plaintiff at any point until the January 2019 date referenced in the letter. (Tr. 419, 473). It is unclear whether Dr. El-Abassi's statement is based on a medical history obtained from Plaintiff, or whether Dr. El-Abassi based this conclusion on a review of any or all of Plaintiff's medical records. Further, the ultimate determination of whether a claimant is disabled is left to the Administration. *See* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability… A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

"Implicit in the materiality requirement" is that "'the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (citing *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Other than the conclusory statement that Plaintiff was "disabled mentally and physically from manageing[sic] her financial affairs… in March 2004 up to today," asserted by a physician who, based on the available medical records, does not appear to have treated Plaintiff prior to January 2019, there is no new, material evidence that Plaintiff was disabled during the time period for which benefits were denied.

Additionally, there is evidence of improvement, or at least periods of respite, in the record, which contradict Dr. El-Abassi's suggestion that Plaintiff's impairment "does not remit or resolve and thus is expected to continue with Ms. Smith for the rest of her life." (R. Doc. 11-1

7

at 1). For example, during the period of disability, Plaintiff reported bilateral pain on the soles of her feet with no hand involvement to Dr. Gutierrez during a July 17, 2008 visit, and 6 months later, during a January 12, 2009 visit, Dr. Gutierrez noted that Plaintiff reported "huge benefits since last visit. Now wearing shoes [and] using sheet when sleeping for first time in a very long time." (Tr. 419, 426). Plaintiff reported some relief, improvement, or doing well on several occasions to Dr. Pollet or Dr. Gutierrez between 2011 and 2014. (Tr. 319, 363, 368, 401, 446). In September 2015, Dr. Pollet noted that Plaintiff only "sometimes wishes to go barefoot… Otherwise she tries lidocaine patches and a topical ointment." (Tr. 283). Plaintiff also reported various international trips for pleasure to various providers between 2014 and 2017, including China, Thailand, Laos, Burma, South Africa, and Uganda, as well as cruises, and playing golf. (Tr. 217, 281, 283, 285, 286, 288, 295, 297, 299). Dr. El-Abassi's conclusory statements regarding Plaintiff's disability status would be unlikely to change the ALJ's decision given that there is no evidence that she treated Plaintiff prior to January 2019, the basis of her statements are unclear, and her statements are contrary to the Plaintiff's activities during the relevant time period and contrary to the objective medical evidence.

  A finding of disability does not turn on the characteristics peculiar to a diagnosis or condition, but rather whether a claimant's impairments are severe, and if so, the manner and extent to which any medically determinable impairments affect a claimant's ability to work. Plaintiff's suggestion that she "had searched the internet to no avail prior to testifying before the ALJ, and thus gave grossly incomplete and sometimes inaccurate testimony, though it was as best she knew at the time," and that the information she obtained from Dr. El-Abassi provided "95% of what she now knows about her diagnosis and why it limits her functionality," is immaterial. That is to say, a diagnosis coupled with general characteristics attributable to that

diagnosis, without a specific showing of a claimant's particular limitations, would not equate to a finding of disability. The February 2019 letter from Dr. El-Abassi does not provide any additional information in that regard such that the Commissioner had before it all of the relevant evidence at the time its decision became final. The new evidence submitted by Plaintiff does not warrant a remand for further consideration. As this is the only argument raised and briefed by Plaintiff, the decision of the Commissioner will be affirmed.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED,** and Plaintiff's appeal **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on May 8, 2020.

RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**